UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPER A. GREENE,

        Plaintiff,                      Case No. 24-11018
                                                        Hon. Jonathan J.C. Grey

v.

THE KINGDOM TRUST COMPANY,

        Defendant.

_____

**OPINION AND ORDER GRANTING
MOTION TO DISMISS (ECF No. 7)**

**I.    INTRODUCTION**

Defendant Kingdom Trust Company ("KTC") filed a motion to dismiss based on forum non conveniens, improper service, and/or lack of personal jurisdiction. (ECF No. 7.) The motion is fully briefed. (ECF Nos. 9, 11.) The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the following reasons, the Court **GRANTS** KTC's motion to dismiss under the doctrine of forum non conveniens.

## II.     BACKGROUND

Plaintiff Christoher Greene filed this action against KTC alleging violations of the Michigan Uniform Securities Act, aiding and abetting fraud, aiding and abetting breach of fiduciary duty, civil conspiracy, negligence, breach of fiduciary duty, fraud, and negligent misrepresentations and omissions. (ECF No. 1, PageID.13–33.) KTC, a corporation, operated as a "trustee/custodian and bank." (*Id.*, PageID.4.) Per the complaint, "Greene invested his retirement savings of $162,746.38 in what he believed to be a secure IRA protected by Kingdom Trust." (*Id.*, PageID.5.) Greene states he was subsequently the victim of an investment scheme "perpetrated through Kingdom Trust's accounts." (*Id.*)

The Kingdom Trust account at the center of this action was opened pursuant to a Custodial Service Agreement ("CSA").  The CSA contains the following forum selection clause:

> All the parties signing below hereby agree that **all claims and disputes of every type and matter** between or among any or all of them, including but not limited to claims in contract, tort, common law or alleged statutory violations, arising out of or in connection with this custodial agreement **shall only be instituted in the county courts of Minnehaha County, South Dakota**, where custodian maintains its principal place of business, and you

agree to submit to such jurisdiction with any such suit you may file and in any such suit custodian may file against you.

(ECF No. 7–1, PageID.118 (emphasis added).)

Both parties appear to agree that all claims arise from the CSA and neither party disputes the forum selection clause's mandatory nature. Greene argues that the forum selection clause should not be given controlling weight both because "[t]his case is an exceptional case" and because "any forum selection clause is invalidated by Defendant's abandonment of South Dakota." (ECF No.9, PageID.144–145.) He then requests that, if the Court enforces the forum selection clause, it should transfer the case, rather than dismiss it. (*Id.,* PageID.145.) More generally, Greene, a Michigan resident, states that he has "no affiliation or contact" with South Dakota and that requiring him to litigate in South Dakota "would be unduly burdensome and contrary" to Greene's "ability to seek convenient and effective relief." (*Id.,* PageID.136–137.)

KTC was headquartered in South Dakota when the parties executed the CSA, but it is now headquartered in Nevada. (*Id.,* PageID.137.) KTC contends that the forum selection clause in the CSA is mandatory and enforceable, thus this case should be dismissed under the doctrine of forum non conveniens. (ECF No.7, PageID.100.)

3

## III. LEGAL STANDARD

Under controlling federal law, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted); *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (a valid forum-selection clause should be "given controlling weight in all but the most exceptional cases."). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atl. Marine*, 571 U.S. at 60.

The Sixth Circuit has adopted a two-prong test when analyzing a forum non conveniens motion based on a forum selection clause. The first step requires the Court to "ask several contract-specific questions, including whether the forum-selection clause is applicable, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 216 (6th Cir. 2021). An answer of "yes" to each of these "means *Atlantic Marine*'s modified forum-non-conveniens analysis applies." *Id.* While a typical forum non conveniens analysis requires a court to evaluate both private and public interest factors, the calculus changes

4

"when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine*, 571 U.S. at 63 (citation and internal quotation marks omitted).

*Atlantic Marine*'s modified analysis mandates that a court only consider those factors pertaining to public interest and not consider private interest factors. *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Thus, the court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* In such a case, "the onus falls on the plaintiff to show that the public-interest factors defeat dismissal, and they rarely will." *Lakeside Surfaces, Inc.*, 16 F.4th at 215 (citation omitted).

## IV.  ANALYSIS

### A.  Forum Selection Clause

Forum selection clauses are "prima facie valid," and the challenging party carries the burden of proving otherwise. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Courts evaluate the enforceability of a forum selection clause by considering whether: (1) the clause was

5

obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; or (3) the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *M/S Bremen*, 407 U.S. at 15; *Wong*, 589 F.3d at 828.

Mere inconvenience or additional expense is not enough to meet the third prong. *Long v. Dart Int'l, Inc.*, 173 F. Supp. 2d 774, 778 (W.D. Tenn. 2001); *see also Carnival Cruise Lines v. Shute*, 499 U.S. 585, 594 (1991) (enforcing a forum selection clause that required Washington residents to litigate in Florida despite an appellate court finding that the couple was "physically and financially incapable of pursuing the litigation in Florida"). Further, "[e]ven if traveling were a serious inconvenience, the existence of the forum selection clause demonstrates that the parties clearly contemplated this expense when they entered into the contract." *Long*, 173 F. Supp. 2d at 778; *see also Wong*, 589 F.3d at 829–830 (noting that while the plaintiffs were "not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Gibraltar would no doubt be an inconvenience," "plaintiffs ha[d] not carried their 'heavy burden' of showing that enforcing this forum selection clause

6

would be unjust or unreasonable"). Instead, to satisfy this prong, a trial in the pre-selected forum must be "so gravely difficult and inconvenient that [the challenger] will for all practical purposes be deprived of his day in court." *M/S Bremen*, 407 U.S. at 18. The party opposing the forum carries the burden of showing that a forum selection clause should not be enforced. *Wong*, 589 F.3d at 828.

Here, Greene agues in a subheading that "any forum selection clause is invalidated by Defendant's abandonment of South Dakota." (ECF No. 9, PageID.144.) Greene does not further develop this argument, much less point to any supporting caselaw or authority. Considering that forum selection clauses are prima facia valid, and that Greene must carry the burden of proving otherwise, the Court finds that Greene did not do so. Greene offers no evidence that he was fraudulently induced to agree to the inclusion of the forum selection clause or that a Minnehaha County, South Dakota court would ineffectively or unfairly handle this suit. Greene vaguely asserts that requiring that he file suit in South Dakota "would be unduly burdensome" and contrary to his "ability to seek convenient and effective relief," especially considering the "financial hardship" he attributes to KTC. (*Id.*, 9 PageID.137.) Again, he cites no

7

caselaw in support of these arguments.

While requiring the parties to litigate in Minnehaha County, South Dakota may be inconvenient for Greene, a Michigan resident; Greene has not carried his burden to show that adherence to the forum selection clause would effectively deprive him of his day in court. Without more, the Court finds that the forum selection clause is valid and enforceable and proceeds to the forum non conveniens analysis.

### B. Forum Non Conveniens

#### 1. *Forum Non Conveniens versus Transfer*

At the outset, the parties disagree on whether enforcement of the forum selection clause should result in transfer under 28 U.S.C. § 1404(a) or dismissal pursuant to forum non conveniens. While transfer "provides a mechanism for enforcement of forum selection clauses that point to a particular federal district," the "appropriate way to enforce a forum selection clause pointing to a state … is through the doctrine of forum non conveniens." *Atl. Marine*, 571 U.S. at 60. If there is confusion surrounding whether a forum selection clause points exclusively to a state forum, courts look to the language of the clause. *Ingenium Techs. Corp. v. Beaver Aerospace & Def., Inc.*, 122 F. Supp. 3d 683, 687 (E.D.

8

Mich. 2015). "[W]hen a forum selection clause refers to the courts 'of' a state, then venue will be proper only in state court, and the filing of an action in or removal to a federal court—even one located within the same state—would be improper." *Id.*

In *Ingenium Technologies*, the court reviewed a forum selection clause in which "the parties agreed to litigate their contract disputes in 'the courts *of* Wayne County, State of Michigan.'" *Id.* There, the court concluded that the clause mandated a non-federal, state forum and dismissed the case. *Id.* at 689, 692. Similarly, the forum selection clause in this case states that the parties agreed to litigate all claims "in the county courts of Minnehaha County, South Dakota." Because the clause refers to the county courts "of" Minnehaha County, and considering the near-identical language in *Ingenium Technologies*, this Court finds that the forum selection points exclusively to a state forum.

    2.    Atlantic Marine*'s Forum Non Conveniens Framework*

Finally, the Court reviews this forum selection clause using *Atlantic Marine*'s modified forum non conveniens analysis. In doing so, the Court must first identify an adequate alternative forum. *Wong*, 589 F.3d 830. An alternative forum is inadequate if the remedy it provides "is

9

so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981).

Next, the Court considers the relevant public interest factors. *Wong*, 589 F.3d 830. The public interest factors include "court congestion, local interest in the matter, interest in having the trial at home with the law that governs, avoidance of conflict-of-law problems or application of foreign law, and unfairness in burdening local citizens with jury duty." *Id.* at 832 (citation omitted). The plaintiff bears the burden of showing that the public interest factors "weigh heavily against dismissal." *Lakeside Surfaces, Inc.*, 16 F.4th at 216.

Here, the Court identifies Minnehaha County as an adequate forum. Indeed, this is the jurisdiction in which the parties agreed to institute disputes arising from the CSA. (ECF No. 7–1, PageID.118.) Further, Greene provides very little, if any, argument related to the public interest factors. He asserts that South Dakota does not "have a legitimate interest in holding KTC answerable on a claim related to contracts established, where KTC has abandoned headquarters … and has now moved its business to Nevada." (ECF No. 9, PageID.142.) However, Greene provides no evidence to support this. In fact, the

complaint states that, at the time of the alleged misconduct, KTC was "a public trust company, regulated at the South Dakota Division of Banking." (ECF No. 1, PageID.9.) Further, he asserts that "the applicable South Dakota rules and regulations" are what bound KTC "to act in the highest good faith toward the beneficiaries of the trust accounts it maintained and oversaw, and failure to do so amounted to fraud against such beneficiaries." (*Id.*, at PageID.10.) Therefore, although KTC may have moved, South Dakota remains relevant. Further, the Court has not received any evidence showing that that Minnehaha County is unequipped to handle this suit, and thus the Court finds Greene has not met his "heavy burden." *See Lakeside Surfaces, Inc.*, 16 F.4th at 216. So, the Court must dismiss this case. *See Ingenium Technologies*, 122 F. Supp. 3d at 692.

## V. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that KTC's motion to dismiss (ECF No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITHOUT PREJUDICE** based on forum non conveniens.

11

**SO ORDERED**.

                                                    s/**Jonathan J.C. Grey**
                                                    Jonathan J.C. Grey
Dated: September 12, 2025          United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2025.

                                                    **s/ S. Osorio**
                                                    Sandra Osorio
                                                    Case Manager